UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COOGI PARTNERS, LLC,

    Plaintiff,

  -against-

HUDSON OUTERWEAR, INC., and
MAXIMA APPAREL CORP.

    Defendants.
------------------------------------------------------------x

Civ. _____(_____)

COMPLAINT

Plaintiff COOGI Partners, LLC ("COOGI"), by it attorneys, Cox Law Firm LLC, as and for its complaint against Defendants, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement, trade dress infringement, false designation of origin, dilution, unfair competition, injury to business reputation and false and deceptive business practices in violation of the laws of the United States and the State of New York. COOGI seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121, 17 USC §501 and 28 U.S.C. §1331, 1338 and 1367. COOGI's claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. §101, et seq., the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051, et seq., and the statutory and common law of the State of New York.

3. The venue of this Court is founded upon 28 U.S.C. §1391(b). Upon information and belief, the Defendants reside in the Southern District of New York, and a substantial part of the events giving rise to the claim occurred in the Southern District of New York.

## THE PARTIES

4. COOGI is a New York limited liability company with its registered office at 112 Windsor Gate, Lake Success, New York 11020. COOGI is the owner of the copyrights and trade dress at issue in this action.

5. Upon information and belief, Hudson Outerwear, Inc. ("Hudson") is a corporation duly organized and existing under the laws of the State of New York with its registered office at 75 Cliff St., Hastings on Hudson, New York 10706 and an office at 463 Seventh Avenue, Suite 601, New York, NY 10018-8720.

6. Upon information and belief, Maxima Apparel Corp. ("Maxima") is a corporation duly organized and existing under the laws of the State of New York with its registered office at 273 Merrick Rd., Lynbrook, New York 11563 and an office at 463 Seventh Avenue, Suite 601, New York, NY 10018-8720.

7. Upon information and belief, each of the Defendants (a) is doing business in the State of New York; (b) has transacted business within the State of New York and this judicial district; (c) has committed tortious acts within the State of New York by the manufacturing, offering for sale and selling infringing goods within the State of New York and this judicial district, including the goods complained of herein; and/or (d) has committed tortious acts outside the State of New York causing injury to property within the state and (i) regularly does or solicits business and/or derives substantial revenue

from goods used or consumed within the state or (ii) expected or should have reasonably expected its acts to have consequences within the state and derives substantial income from interstate commerce.

## COOGI'S COPYRIGHTS

8. COOGI is engaged in the manufacture, distribution and sale in interstate commerce of high quality merchandise, including men's, women's and children's sweaters and apparel that are sold throughout the United States in high quality retail stores and in the online retail store at www.coogi.com.

9. COOGI sweaters and apparel are based on highly distinctive designs, examples of which are attached hereto as Exhibit A.

10. COOGI and its predecessors have filed over three hundred fifty (350) copyright applications with the U.S. Copyright Office since 1990.

11. This action relates to the COOGI sweater design titled "BIGGIE PATTERN," which is registered with the U.S. Copyright Office under Registration Number VA0001668194 dated May 29, 2008. Copies of the copyright information and the design of the BIGGIE PATTERN are attached hereto as Exhibit B (hereinafter the "BIGGIE PATTERN" and together with the COOGI designs set forth in Exhibit A and all other COOGI designs are referred to as the "COOGI Designs"). The registration is valid, subsisting and in full force and effect.

## COOGI'S FAMOUS TRADE DRESS

12. The highly distinctive designs of COOGI sweaters and apparel have become exceedingly famous and have achieved secondary meaning as a result of extensive sales and as a result of being worn by celebrities and being referred to in

various musical recordings.

13. One of the most famous celebrities to wear COOGI sweaters and to refer to them in his music was Christopher George Latore Wallace, better known by his stage names "The Notorious B.I.G.," "Biggie" or "Biggie Smalls" (hereinafter referred to as "Biggie"). Biggie was photographed numerous times wearing COOGI sweaters. Copies of five such photographs are attached hereto as Exhibit C. The most famous of these photographs is probably the first shown in Exhibit C, which features Biggie wearing a COOGI sweater and sunglasses and counting a wad of cash (hereinafter referred to as the "COOGI-BIGGIE Cash Photo").

14. Photographs of other celebrities wearing COOGI sweaters or other COOGI apparel, including, but not limited to, (a) well known fighters, Conor McGregor and Floyd Mayweather, (b) rappers Jadakiss, Snoop Dogg, Rick Ross, Nicki Minaj, ASAP Ferg, ASAP Rocky, (c) actors, Tracy Morgan, Tim Allen, Judge Reinhold and others are attached hereto as Exhibit D.

15. In addition to wearing COOGI sweaters, Biggie mentioned them in his songs. For example, the lyrics of his song "One More Chance/Stay With Me (Remix) include "Heart throb never, black and ugly as ever, however, I stay Coogi down to the socks, rings and watch filled with rocks." In his 1996 song "Hypnotize," Biggie mentions COOGI in the following line: "Every cutie wit a booty bought a Coogi."

16. Kanye West also mentions COOGI in two of his songs: (a) the 2005 song "Gone" which includes the line "You sweat her and I ain't talkin 'bout a Coogi," and (b) the 2017 song "Feel Me" which includes the line "Coogi, Coogi, Coogi, Coogi on, Feels like I'm in the movie holmes, Texted my consigliere, Tell the maid leave the jacuzzi on."

17. COOGI is also mentioned in the lyrics of the Hilltop Hoods song "Cosby Sweater," in which MC Suffa raps: "When I'm dressed like Theo's Dad, In a Coogi listening to Kool G Rap."

18. ASAP Ferg also mentions COOGI in one of his songs entitled "Work (Remix)" in which he raps: "Coogi down to the socks, like I'm Biggie Poppa", in which he is clearly referring to Biggie as being known for wearing COOGI sweaters.

19. In 2014, the Christian hip-hop duo Social Club released the song "Coogi Sweater" in their album Misfits 2 and in 2010 rapper OJ Da Juiceman released the song COOGI, which refers to the COOGI brand throughout the entire song.

20. Since 1987, COOGI sweaters have been widely advertised, offered for sale and sold throughout the United States under various distinctive designs.

21. As a result of COOGI's exclusive and extensive use of its designs, those designs have acquired enormous value and recognition in the United States and throughout the world. The COOGI Designs are distinctive and are well known to the consuming public and trade as identifying and distinguishing COOGI exclusively and uniquely as the source of origin of the high quality products. The COOGI Designs are both distinctive and famous, have achieved secondary meaning and are recognized as emanating from COOGI alone.

## DEFENDANTS' WRONGFUL ACTS

22. Upon information and belief, Hudson Outerwear and Maxima Apparel, acting in concert or individually and without the consent of COOGI, have caused to be manufactured, distributed, offered for sale, and/or sold in interstate commerce various articles of apparel bearing the COOGI Designs. Upon information and belief, such

goods are directed and targeted towards the same group of ultimate consumers as are COOGI's goods.

23.   Upon information and belief, Hudson Outerwear is engaged in a pattern and practice of copying and counterfeiting COOGI Designs and products and Maxima Apparel manufactures such products for Hudson Outerwear.  Set forth as Exhibit E are copies of letters sent to Hudson Outerwear on October 27, 2015 and November 3, 2015 with respect to various items offered for sale by Hudson Outerwear that were exact duplicates of COOGI products.  In one instance, the offered Hudson Outerwear product even showed the word "COOGI" in the same way as woven into the original COOGI product.  In response to the letters set forth in Exhibit E, Hudson Outerwear represented that Hudson Outerwear had "ceased all promotion, marketing, manufacture and sale" of such Hudson Outerwear products (see email from Thomas McNiff dated October 30, 2015 set forth in Exhibit E) and that there had been no sales of any such Hudson Outerwear products (see two emails from Thomas McNiff dated November 3, 2017 set forth in Exhibit E).

24.   By letter dated February 21, 2017, counsel for COOGI notified Hudson Outerwear and Maxima Apparel Group of the most recent infringement of the COOGI Designs. A copy of such letter and the response of the Defendants are attached hereto as Exhibit F.  Copies of photographs of two items, a jacket and a t-shirt, bearing the COOGI design, are attached as Exhibit G (collectively, the "Offending Products").

25.   The Offending Products are clearly intended to re-create the COOGI-BIGGIE Cash Photo by showing the COOGI BIGGIE PATTERN Sweater, merely substituting the head of a bear for Biggie's head and having the bear shown to be

counting cash. The Offending Products also make other references to Biggie, including the years of his birth and death and the title of one of his songs "IT WAS ALL A DREAM" and merely substituting the head of a bear for Biggie's head.

26. The COOGI BIGGIE PATTERN sweater is not the sweater worn by Biggie in the COOGI-BIGGIE Cash Photo. The BIGGIE PATTERN design was created by COOGI approximately ten years after Biggie's death.

27. The aforementioned acts of Defendants are likely to cause confusion and mistake among consumers that (a) Defendants' Offending Products originate with COOGI, (b) there is some affiliation, connection or association of Defendants with COOGI, and/or (c) said Offending Products are being offered to consumers with the sponsorship and/or approval of COOGI.

28. Upon information and belief, the aforementioned acts of Defendants are willful and intentional, in that Defendants either knew that said Offending Products bore unauthorized counterfeits, reproductions, copies or colorable imitations of the COOGI Designs, or willfully ignored such facts, and have been done in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said articles of apparel products and to gain for Defendants the benefit of the enormous goodwill associated with the COOGI Designs.

29. Upon information and belief, the infringement by the Hudson Outerwear in this instance was willful because Hudson Outerwear was aware of COOGI's ownership of the BIGGIE PATTERN and in 2015 had offered it for sale under the name "Complex Knit Salmon" (see Exhibit H and Exhibit E) and, as set forth in paragraph 23 above, Hudson Outerwear represented that it had "ceased all promotion, marketing,

manufacture and sale" of such products.

## FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT)

30.    COOGI repeats and realleges paragraphs 1 through 29 above with the same force and effect as though fully set forth herein.

31.    COOGI is informed and believes and thereon alleges that Defendants, and each of them, had access to the BIGGIE PATTERN, including, without limitation, through viewing the BIGGIE PATTERN in or on COOGI's web site and online store and/or through other authorized channels of trade.

32.    COOGI is informed and believes and thereon alleges that, without COOGI's authorization, Defendants, and each of them, manufactured, caused to be manufactured, advertised, distributed, marketed and/or sold products bearing images that are identical to, or substantially similar to, the BIGGIE PATTERN.

33.    COOGI is informed and believes and thereon alleges that Defendants, and each of them, infringed COOGI's copyright by copying the BIGGIE PATTERN, and distributing the Offending Products, without COOGI's authorization or consent.

34.    Due to Defendants', and each of their, acts of copyright infringement, COOGI has suffered actual, general and special damages in an amount to be established at trial.

35.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of COOGI's rights in the BIGGIE PATTERN.  As such COOGI is entitled to disgorgement of Defendants' profits directly

and indirectly attributable to Defendants' infringement of COOGI's rights in the BIGGIE PATTERN in an amount to be established at trial.

36. COOGI is informed and believes and thereon alleges that Defendants', and each of their conduct, as alleged herein was willful, reckless and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees and/or preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF
(TRADE DRESS INFRINGEMENT)

37. COOGI repeats and realleges paragraphs 1 through 36 above with the same force and effect as though fully set forth herein.

38. The BIGGIE DESIGN is not functional and the aforementioned acts of Defendants constitute trade dress infringement in violation of 15 U.S.C. §1125(a).

39. Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(FALSE DESIGNATION OF ORIGIN)

40. COOGI repeats and realleges paragraphs I through 39 above with the same force and effect as though fully set forth herein.

41. The aforementioned acts of Defendants constitute the use of a false designation of origin and/or making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

42. Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (TRADEMARK DILUTION)

43. COOGI repeats and realleges paragraphs 1 through 42 above with the same force and effect as though fully set forth herein.

44. The BIGGIE PATTERN, taken as a whole, is not functional and is famous.

45. The aforementioned acts of Defendants constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

46. Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

47. COOGI repeats and realleges paragraphs 1 through 46 above with the same force and effect as though fully set forth herein.

48. The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

49. Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW §360-l)

50. COOGI repeats and realleges paragraphs 1 through 49 above with the same force and effect as though fully set forth herein.

51. The aforementioned acts of Defendants constitute injury to COOGI's business reputation and/or dilution of the distinctive quality of the COOGI design trade

dress in violation of New York General Business Law §360-l.

52. Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW §349)

53. COOGI repeats and realleges paragraphs 1 through 52 above with the same force and effect as though fully set forth herein.

54. The aforementioned acts of Defendants constitute deceptive acts and practices in violation of New York General Business Law § 349.

55. Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law.

WHEREFORE, COOGI demands judgment against Defendants as follows:

1. Preliminarily and permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a) imitating, copying or making unauthorized use of any of the COOGI Designs;

(b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of any of the COOGI Designs;

(c) using any unauthorized reproduction, copy, counterfeit or colorable

imitation of any of the COOGI Designs, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with COOGI or to any goods sold, sponsored, approved by, or connected with COOGI;

    (d) using any unauthorized reproduction, copy, counterfeit or colorable imitation of any of the COOGI Designs, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the COOGI Designs;

    (e) engaging in any other activity constituting unfair competition with COOGI, or constituting an infringement of any of the COOGI Designs or of COOGI's rights in, or its right to use or exploit such trademarks, or constituting dilution of the COOGI Designs, and the reputation and the goodwill associated with that trade dress;

    (f) making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of COOGI, or that is false or misleading with respect to COOGI; and

    (g) engaging in any other activity, including the effectuation of assignments or transfers of its interests in reproductions, copies, counterfeit or colorable imitations of the COOGI Designs, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

2. Directing that each of the Defendants deliver for destruction all products, artwork, prints and advertisements in its possession, custody or control bearing the COOGI Designs, and/or any reproductions, copies or colorable imitations thereof, including all plates and other means of making such imitations of the COOGI Designs.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by COOGI or is related to or associated in any with COOGI's products.

4. Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained by Defendants through its infringement of COOGI's copyright, the exact sum to be proven at the time of trial or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §101, et seq.

5. Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained through its infringement of COOGI's trade dress.

6. Awarding COOGI its costs and reasonable attorneys' and investigatory fees and expenses, together with prejudgment interest.

7. Awarding COOGI such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          April 25, 2017

                                            COX LAW FIRM LLC

                                    By: _____
                                          William H. Cox (WC 3295)
                                          Peter J. Vranum
                                          Attorneys for Plaintiff
                                          43 West 43rd Street, Suite 137
                                          New York, NY 10036-7424
                                          (212) 804-5756

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

Bruce Weisfeld, being duly sworn, deposes and says:

He is the President of COOGI Partners, LLC, the plaintiff in the above entitled action which is a limited liability company created under and by virtue of the laws of the State of New York; that he has read the foregoing verified complaint and knows the contents thereof; that the same is true to his knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

_____
Bruce Weisfeld

Sworn to before me this
25th day of April, 2017.

_____
Notary Public

REUBEN MARC WEISFELD
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WE6322823
Qualified in Nassau County
My Commission Expires April 13, 2019